1  Elham Azimy, Esq.   SBN: 207274
2  Azimy Law, APC
3  4521 Campus Dr. #413
   Irvine, California 92612
4  Telephone: (949) 572-8197
   Fax: (949) 334-6474
5  eazimy@a-lawfirm.com
6
   Attorney for Applicant, PGS Home Co., Ltd.
7

FILED

MAY 24 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

8

9           **IN THE UNITED STATES DISTRICT COURT**

10         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11                   **-SAN FRANCISCO DIVISION-**

12

13

14   IN RE EX PARTE APPLICATION OF          Case No.: **CV 19 80 139MISC**

15   PGS HOME CO., LTD.,

16                                          **EX PARTE APPLICATION FOR**
                                            **ORDER PURSUANT TO 28 U.S.C**
17                                          **§1782 PERMITTING DISCOVERY**
                                            **FOR USE IN FOREIGN**
18          Applicant,                      **PROCEEDING AND MEMORANDUM**
                                            **AND DECLARATION IN SUPPORT**
19                                          **THEREOF**

20

21

22

23

24

25        **TO THE HONORABLE COURT, TO DEFENDANTS AND TO ALL PARTIES**

26   **WITH AN INTEREST HEREIN:**

27

28                                       1

Applicant, PGS Home Co., Ltd. (hereinafter referred to as "PGS" or "Applicant") a professional corporation, organized and existing under the laws of Japan, hereby applies to this Court ex parte for an order permitting discovery from Twitter, Inc. (hereinafter "Twitter") for use in a court proceeding in Japan pursuant to 28 U.S.C. § 1782.

The proposed subpoena attached to this application seeks from Twitter documents and information relating to a certain anonymous Twitter account made, as will be discussed in further detail.  The anonymous Twitter account has tweeted several defamatory and untrue statements about PGS; which under Japanese law, constitute defamation against PGS and unlawful interference with its business and reputation.

The application is supported by the accompanying declaration of Tomohiro Kanda, an attorney in Japan who represents PGS, in connection with an anticipated lawsuit in Japan for the anonymous person(s) who made the unlawful statements about PGS.  The anonymous person, whom named created a Twitter account with a Display Name of my Client's business name, "PGS Home, the Username is ("@yw3z3azZmv3Ps0Z") and Twitter Account Id of ("1077906388133720067") (hereinafter referred to as "Anonymous Defendant").

2

## I.   **BACKGROUND**

PGS is a corporation established and existing under the laws of Japan since January 10, 1983, headquartered in Osaka City, Japan. (Kanda Decl. ¶4).    PGS is a nationwide homebuilder, with over 300 employees.  (Decl. Kanda ¶4).  PGS conducts services including but not limited to, house painting including photocatalyst coating, solar power system sales, general housing, apartment building, and total renovation; PGS also holds permits/licenses in electrical, construction, construction management and inspection services for house renovation and photovoltaic power generation system including photocatalyst coating. (Decl. Kanda ¶5).  PGS performs the construction services described for private individuals and for the following leading companies in Japan: Toshiba Energy Systems Co., Ltd., Kyocera Solar Corp. Corporation Yuasa Shoji Co., Ltd., Lixil Corporation, Toto Co., Ltd., Japan Paint Co., Ltd., Krinap Inc., Takara Standard Co., Ltd., Notsu Corporation, Oriental Paint Industry Co., Ltd.Equo Corporation, Keimu Co., Ltd., Aigee Industrial Co., Ltd., Auto Chemical Industry Co., Ltd., U-Ho Mu Co., Ltd., Kanagawa Institute of Science and Technology, Kansai Environmental Management Technology Center, Japan Food Analysis Center, Japan, EIEs Holdings Co., Ltd., Aeon Product Finance Co., Ltd., Sumitomo Mitsui Trust Panasonic Finance Co.,  Ltd., Amano Co.,  Ltd., Fujitsu

System Solutions Co., Ltd.Solchia Co., Ltd., Eskken Co., Ltd., Yamamoto Ceramics Kako Co., Ltd., Japan Special paints Co., Ltd., Chemical Technology Corporation, Osimo & Edelco., Ltd., and Osaka Gas Chemical Co., Ltd.  (Decl. Kanda ¶5).

Between March 31, 2019 through May 5, 2019, the Anonymous Defendant, operating under the Twitter Display Name of "PGS Home", with Username of "@yw3z3azZmv3Ps0Z" tweeted derogatory statements about PGS (See attached as Exhibit A, Exhibit A-1 (translated from Japanese to English) the statements described in (Decl. Kanda ¶7, ¶8, ¶9).  The tweets will be described in detail below:

**Tweet 1**

On March 31, 2019 at 1:08 a.m. the Anonymous Defendant tweeted from a Twitter account, whose Display Name is "PGS Home", the URL address: "https://twitter.com/yw3z3azZmv3Ps0Z/status/1112265435490054144", Tweet Id no: "1112265435490054144", the following false statements regarding PGS: "I've been asked to pay for the Air Cleaning of the exterior walls when they haven't completed it! Is this a scam? Be wary of #PGSHOM". (Decl. Kanda ¶8)

**Tweet 2**

On April 16, 2019, at 1:43 a.m., the Anonymous Defendant tweeted from a Twitter account, whose Display Name is "PGS Home", with the URL address of:

"https://twitter.com/yw3z3azZmv3Ps0Z/status/1118072370286084096", Tweet Id

No: "1118072370286084096", the following false statements: They've painted the

exterior walls without Air Cleaning them which is supposed to be done, I think that

the paint will probably peel right off. I wonder if #PGSHOME will repair it then".

(Decl. Kanda ¶8).

### Tweet 3

On May 5, 2019 at 11:45 p.m., the Anonymous Defendant tweeted from a

Twitter account, whose Display Name is "PGS Home", with a URL address:

"https://twitter.com/yw3z3azZmv3Ps0Z/status/1125290570987913219", Tweet Id

No: "1125290570987913219", the following false statements: "They won't even

deal with customers decently and even treat them like complainers while doing

crappy construction. This is how they erase the problem, increasing the number of

contracts and results, and creating a "reliable company".  That's the way of #PGS

HOME." (Decl. Kanda ¶8).

According to Mr. Kanda, PGS's Japanese attorney, Tweets 1, 2 and 3 are

defamatory and were posted for the sole purpose of harassment of PGS; especially

given the fact that the Anonymous Defendant created a Twitter account with a

Display Name of "PGS Home"; without permission from PGS.  (Decl. Kanda ¶9).

Additionally, according to Mr. Kanda, Tweets 1, 2 and 3 constitute defamation and

unlawful business interference under Japanese law. (Decl. Kanda ¶ 9).

Furthermore, Mr. Kanda affirms that the Twitter account of the Anonymous

Defendant has a potential to harm PGS's future and current business due to the fact

that when a search is done for PGS, the false Twitter account of the Anonymous

Defendant is listed at the top of the search engine, which may give the impression

to new and existing  clientele that PGS does not perform its services in a skilled

manner.  (Decl. Kanda ¶9).

Therefore, PGS intends to bring a lawsuit in Japan against the person(s)

associated with the Twitter account of the Anonymous Defendant as soon as the

person(s) identity have been ascertained through the discovery specifically sought

in this application. (Decl. Kanda ¶ 10).  In order to identify the person(s) who

committed the unlawful acts against PGS through the Anonymous Defendant's

Twitter Account, it is crucial for PGS to obtain information relating to the

Anonymous Defendant's Twitter account. (Decl. Kanda ¶ 11).

## II.    ARGUMENT

### A. Legal Standard

An applicant seeking discovery for use in a foreign proceeding must

demonstrate that (1) the person from who the discovery is sought or is found in this

district, (2) the discovery is for use in a proceeding before a foreign tribunal, and

(3) the application is made by a foreign or internal tribunal or any interested person.

28 U.S.C. § 1782; *In re The Republic of Ecuador, Case No. C-10-80225 MISC*

*CRB (EMC), 2010 U.S. Dist. LEXIS 102158 (N.D. Cal. Sept. 15, 2010) at *1.*

In exercising its discretion under 28 U.S.C. § 1782, a district court should

further consider the following non-exhaustive factors: " (1) whether the "person

whom the discovery is sought is a participant in the foreign proceeding"; (2) "the

nature of the foreign tribunal, the character of the proceedings underway abroad,

and the receptivity of the foreign government or the court or agency abroad to U.S.

federal-court judicial assistance"; (3) whether the discovery request is am "attempt

to circumvent proof gathering restrictions or other policies of a foreign country or

the United States"; and (4) whether the discovery requested is "unduly intrusive or

burdensome." *In re Apple Inc., 2012 U.S. Dist. LEXIS 66669, 3-4 (N.D. Cal. May

2, 2012) (quoting Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264-

265 (U.S. 2004)).*

**B. PGS's Application Meets All of the Statutory Requirements under 28 U.S.C. § 1782**

**1.  Twitter, Inc. Whom Discovery Sought is located in this District**

Twitter, Inc., from whom the discovery requested in this application is

sought, is located in San Francisco, California.  Therefore, Twitter, Inc. is within this Court's district.  (Decl. Kanda ¶12).

## 2.  The Requested Discovery is for Use in a Proceeding in Japan

The discovery requested in this application must be utilized for a proceeding before a foreign tribunal.  The foreign proceedings need not be commenced before 28 U.S.C. § 1782 may be invoked.  It is enough that such proceedings are "likely to occur" or are "within reasonable contemplation." *Intel Corp v. Advanced Micro Devices, Inc., supra at 258-259 (quoting In re Letter Request From Crown Prosecution Service of United Kingdom, 870 F.2d 686, 691 (DC Cir. 1989)).*

PGS intends to bring a lawsuit in Japan against the person(s) associated with the Twitter account in question as soon as the person's identity has been ascertained through the discovery sought by this application.  (Decl. Kanda ¶10). Thus, the requirement that the discovery be for use in a foreign proceeding is met.

## 3.  Applicant PGS is the Interested Party under 28 U.S.C § 1782, Whom May Make this Application.

The application to seek discovery pursuant to 28 U.S.C. § 1782 may be made by any "interested person".  As a Plaintiff in the anticipated litigation in Japan, PGS is clearly an interested person under 28 U.S.C. § 1782.

### C. PGS's Application Further Meets All of the Discretionary Factors under Intel.

#### 1. Twitter, Inc. is Not a Participant in the Foreign Proceeding

The first Intel. factor asks whether the "person from whom discovery sought is a participant in the foreign proceeding." *Intel, 542 U.S. at 264.* If the person is a participant, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a non-participant in the matter arising abroad" because "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id.* "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be obtainable absent §1782 (a) aid." *Id.*

Twitter, Inc. is not a participant in the anticipated Japanese lawsuit. (Decl. Kanda ¶ 15). Additionally, the documents that PGS seeks are in the United States and not in Japan. Thus, the information sought is out of Japan's tribunal reach.

#### 2. The Requested Information is Crucial to PGS's Impending Lawsuit in Japan and the Japanese Court's Would Be Receptive to this Court's Assistance

"A court presented with a § 1782(a) request may take into account the nature

9

of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court agency abroad to U.S. federal-court judicial assistance." *Intel at 264.*

In order to identify the person(s) who committed the unlawful acts against PGS through the Twitter account in question for purposes of bringing a lawsuit against said person(s) in Japan, it is crucial for PGS to obtain the information relevant to the Twitter account of the Anonymous Defendant.  (Decl. Kanda ¶11).

In addition, the Japanese courts would be receptive to this Court's assistance. In fact, Japanese courts have been receptive to the discovery assistance made by U.S. Courts.  *Marubeni Am. Corp. v. LBA Y.K., 335 Fed. Appx. 95, 97-98, 2009 U.S. App. LEXIS 12953, *7-8 (2d Cir. N.Y. 2009); In re Application of LG Elecs. Deutschland GMBH, 2012 U.S. Dist. LEXIS 70570, *5, 2012 WL 1836283 (S.D. Cal. May 21, 2012).*

### 3. PGS's Discovery Request is Not and Attempt to Circumvent Foreign Proof Restrictions or Policies

"A district court could consider whether §1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or policies of a foreign country or the United States." *Intel. at 265.*

PGS is not aware of any restrictions imposed by or any policies under Japanese law limiting proof-gathering proceeding in the manner proposed or for the purposes stated herein. (Decl. Kanda ¶13).  In the past, Courts have granted 28 U.S.C. § 1782 applications for use in the proceedings in Japan, both criminal and civil cases.  *Marbueni Am. Corp. at 98; LG Elecs Deutschland GMBH, \*5; Okubo v. Reynolds (In re Letters Rogatory from the Tokyo Dist. Prosecutors Office), 16 F.3d 1016, 1018-1019, 1994 U.S. App. LEXIS 2440, \*3-6, 94 Cal. Daily Op. Service 1108, 94 Daily Journal DAR 1918, 28 Fed. R. Serv. 3d (Callaghan) 200 (9th Cir. Cal. 1994).*

### 4.  PGS's Request is narrowly tailored to Highly Relevant Information for the Japanese Civil Case and Not Unduly Intrusive or Burdensome

"Unduly intrusive or burdensome requests may be rejected or trimmed." *Intel at 265.*  As shown in the proposed subpoena to Twitter, Inc. attached to the proposed Order submitted with this Application, the discovery requests by Applicant is narrowly tailored and limited to the discovery materials related to the subject Twitter account of the Anonymous Defendant through which the identity of the defendant to the impending Japanese lawsuit can be ascertained, and no further information is required.

Access logs of the Twitter account is highly relevant.  Since the offending comments posted on Twitter by the Anonymous Defendant were done recently, within the last month, this information is highly relevant and necessary for PGS to file the impending lawsuit in Japan against the Anonymous Defendant.  It is not burdensome for Twitter, Inc. to provide the access logs of the Anonymous Defendant, since the offending comments were posted to Twitter between March 31, 2019 through May 5, 2019.

**III.   CONCLUSION**

For the reasons stated above, PGS respectfully requests that this Court grant this application and permit that it issue the subpoena to Twitter, Inc. attached to the proposed order submitted concurrently within this application.


Respectfully Submitted,

DATED:  May 21, 2019              AZIMY LAW, APC

                                 _____
                                 Elham Azimy, Esq.
                                 Attorney for Applicant,
                                 PGS Home Co., Ltd.

12